UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WOODWAY USA, INC.,

      Plaintiff,

v.

SAMSARA FITNESS, LLC, and
CHAPCO, INC.,

      Defendants.

Case No. 15-cv-956-pp

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE OR, IN THE ALTERNATIVE, TO STAY (DKT. NO. 11) AND DISMISSING THIS ACTION FOR LACK OF PERSONAL JURISDICTION**

## I. INTRODUCTION

On August 11, 2015, plaintiff Woodway USA, Inc., filed a complaint under 35 U.S.C. §§271-299, naming Samsara Fitness, LLC, and Chapco, Inc., as defendants. Dkt. No. 1. The complaint asserts that the defendants are infringing on two of Woodway's patents for motorless, manually-operated treadmills. Id. ¶¶7-24. A declaratory judgment action involving the same parties and patents currently is pending in the District of Connecticut. In this court, the defendants have filed a motion to dismiss or transfer venue or, in the alternative, to stay. Dkt. No. 11. The court grants the defendants' motion based on lack of personal jurisdiction over defendant Chapco, Inc.

## II. FACTUAL BACKGROUND

Woodway USA, Inc., is a Wisconsin company, with its principal place of business in Waukesha, Wisconsin. Dkt. No. 1, ¶1. Woodway is the assignee

1

and owner of two patents – U.S. Patent Nos. 8,986,169 and 9,039,580 – both entitled "Manual Treadmills and Methods of Operating the Same." Id. ¶¶8-10, 17-19. The '169 patent was issued on March 24, 2015 and the '580 patent was issued on May 26, 2015. Id. ¶¶9, 18. Woodway has manufactured and sold its motorless CURVE treadmill, which embodies the inventions of the '169 and '580 patents, since 2009. Dkt. No. 18 at 3.

Samsara Fitness, LLC, is a Connecticut limited liability company, with its principal place of business in Chester, Connecticut. Dkt. No. 1, ¶2. Samsara sells and offers for sale human-powered treadmills under the name TrueForm Runner. Dkt. No. 12 at 2. Chapco, Inc. is a Connecticut corporation, with its principal place of business in Chester, Connecticut. Dkt. No. 1, ¶3. Chapco specializes in product engineering and development, contract manufacturing, metal fabrication, and assembly in a variety of industries. Dkt. No. 12 at 2.

Woodway alleges that the defendants are manufacturing, selling, offering for sale, and/or using certain manual treadmills – including, but not limited to, the TrueForm Runner – without authorization and in violation of Woodway's patent rights under 35 U.S.C. §271(a). Dkt No. 1, ¶¶11, 20. Woodway further alleges that the defendants are actively inducing the direct infringement of its patents, without authorization and in violation of 35 U.S.C. §271(b), by aiding, abetting, and encouraging its customers' use of the TrueForm Runner with knowledge of the infringement and with the intent to cause such infringement. Id. ¶¶12, 21.

### III. PROCEDURAL BACKGROUND

Woodway filed this patent infringement lawsuit on August 11, 2015, but it did not immediately serve either defendant with the complaint. Woodway indicates that it withheld service in order to engage in good faith business discussions with the defendants. Dkt. No. 18 at 4-5. During that time, Woodway sent letters to the defendants' customers and dealers, informing them of the asserted patents and Woodway's intellectual property rights in them. Dkt. No. 16, ¶10. Approximately seventy targets received these letters, which included customers located throughout the United States. Id.

The defendants contend that Woodway did not attempt to engage in any good faith negotiations with them in October 2015 or thereafter. Dkt. No. 12-2, ¶17. The defendants also maintain that Woodway used the unserved complaint to threaten and harass Samsara's customers. Dkt. No. 12 at 4; Dkt. No. 12-3. Upon learning of Woodway's "anti-competitive efforts," Samsara and Chapco filed suit against Woodway in the District of Connecticut on November 16, 2015 – approximately three months after Woodway filed suit in this court. Dkt. No. 12 at 4. The Connecticut complaint sought declarations of non-infringement and invalidity with respect to the same two patents at issue here. Dkt. No. 12 at 4; Dkt. No. 12-1. Samsara and Chapco served Woodway with the Connecticut complaint on November 17, 2015 – almost immediately. Dkt. No. 12 at 4. The following day, Woodway served Samsara and Chapco with the Wisconsin complaint. Id.; Dkt. Nos. 9-10.

3

Both cases are active, although at this point, the Connecticut case is more active than the Wisconsin one. On December 8, 2015, Woodway filed a motion in the District of Connecticut to dismiss or stay the Connecticut action, arguing the "first-to-file rule." Dkt. 12 at 4. That motion is fully briefed and pending resolution in the Connecticut court. Indeed, on February 19, 2016, the magistrate judge in Connecticut held a case management/scheduling conference, and on February 22, 2016, entered a scheduling order, requiring the parties in the Connecticut litigation to begin exchanging discovery. Dkt. No. 22-1. The Connecticut magistrate judge even scheduled a status conference for March 10, 2016, at which time it hoped to hear of this court's progress on the current motion to dismiss. Id. at 2.

Samsara and Chapco filed their motion to dismiss in this court on December 9. 2015. Dkt. Nos. 11-12. On January 4, 2016, Woodway filed a brief in opposition to Samsara and Chapco's motion. Dkt. No. 18. Samsara and Chapco filed a reply brief on January 15, 2016. Dkt. No. 20. On February 22, 2016 – the same day, as it turns out, that the Connecticut magistrate judge issued the scheduling order – this court heard oral argument on the defendants' motion. See Dkt. No. 21. At the hearing the parties informed the court that the magistrate judge in Connecticut had entered a scheduling order, and reported that the statement of infringement in that case was due April 18, 2016. Id. at 2.

This court – *I, Judge Pepper*, to be specific – did not issue a ruling prior to those dates, and as a result has caused delay and uncertainty in the

4

litigation in the District of Connecticut. The court expresses its regret to the parties in both cases, and to the judges in Connecticut, for its delay in this case.

## IV. ANALYSIS

The defendants' motion asks for several different forms of relief. First, the defendants seek dismissal of the entire action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), arguing that the court lacks personal jurisdiction over Chapco and that venue in the Eastern District of Wisconsin is improper. In lieu of dismissal, the defendants request that the court transfer venue to the District of Connecticut – the proper venue, according to the defendants – pursuant to 28 U.S.C. §1406(a). Alternatively, the defendants argue that the court should transfer venue to Connecticut pursuant to 28 U.S.C. §1404(a). Finally, if the court does not grant any of those forms of relief, the defendants ask that the court stay the proceedings in this case pending the outcome of the Connecticut litigation. The plaintiff responds that the first-to-file rule controls and, therefore, that this court should give priority to the Wisconsin litigation. The court will begin by addressing the parties' jurisdictional arguments.

Woodway alleges in its complaint that this court has personal jurisdiction over the defendants because,

> at all times pertinent hereto, upon information and belief, Defendants are doing business and have systematic activities in this District and are committing infringing acts in Wisconsin and this District. More specifically, upon information and belief, at least Samsara offers for sale and sells treadmills, including the accused treadmills, online and through one of its dealers, Direct Fitness Solutions, in this District. Upon information and

5

>     belief, Defendants also induce direct infringement in this
>     District.

Dkt. No. 1, ¶5.

The defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over Chapco, Inc. Dkt. No. 11 at 1. Although "'[a] complaint need not include facts alleging personal jurisdiction[,]' . . . once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) . . ., the plaintiff bears the burden of demonstrating the existence of jurisdiction." Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003)(quoting Steel Warehouse of Wis., Inc. v. Leach, 154 F.3d 712, 715 (7th Cir. 1998)).

"[W]hen the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, . . . the plaintiff 'need only make out a *prima facie* case of personal jurisdiction.'" Purdue Research, 338 F.3d at 782 (quoting Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002)). That is, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Purdue Research, 338 F.3d at 783. "[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." Id.

Federal Circuit law governs personal jurisdiction issues in patent infringement cases. See Hildebrand v. Steck Mfg. Co., 279 F.3d 1351, 1354

(Fed. Cir. 2002). According to Federal Circuit case law, a district court properly may exercise personal jurisdiction over an out-of-state defendant only if (1) jurisdiction exists under the forum state's long-arm statute, and (2) exercising jurisdiction over the out-of-state defendant would be consistent with the limitations of the Due Process Clause. Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005). Because "Wisconsin's long-arm statute is to be liberally construed in favor of exercising jurisdiction to the fullest extent allowed under the due process clause," Shared Med. Equip. Grp., LLC v. Simi Valley Hosp. & Healthcare Servs., 3 F. Supp. 3d 735, 739 (W.D. Wis. 2014), "the state limitation 'collapses into' the due process requirement," Trintec, 395 F.3d at 1279. Thus, the question this court must answer is whether exercising jurisdiction over the out-of-state defendant would violate due process.

Due process is satisfied if the out-of-state defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair plan and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)(quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). "In short, the Due Process Clause requires a court to determine whether a defendant 'should reasonably anticipate being haled into court there.'" LSI Indus., Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed. Cir. 2000)(quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

7

There are two types of personal jurisdiction: specific and general. Trintec, 395 F.3d at 1279. "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" LSI Indus., 232 F.3d at 1375 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985)). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts wi6th the forum state even when the cause of action has no relation to those contacts." LSI Indus., 232 F.3d at 1375 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)). Woodway has focused its argument exclusively on specific personal jurisdiction, see Dkt. No. 18 at 8-16; the court will do the same.

The Federal Circuit applies a three-part test to determine whether specific personal jurisdiction over an out-of-state defendant comports with due process. See Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1350 (Fed. Cir. 2003). The court considers whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." Id. "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." See Grober v. Mako Prods., Inc., 686 F.3d 1335, 1346 (Fed. Cir. 2012)(citing Elecs. for Imaging, 340 F.3d at 1350).

Applying that three-part test, the defendants argue that this ocurt does not have specific personal jurisdiction over Chapco. Dkt. No. 12 at 8-11. The

8

defendants point out that the complaint does not "make any specific allegations regarding Chapco conducting any business in Wisconsin or who, within Wisconsin, Chapco allegedly induced to infringe either patent in suit." Id. at 9. They assert that the complaint's only specific allegation regarding jurisdiction pertains to Samsara, not Chapco. Moreover, the defendants contend that Chapco has not purposefully directed its business activities at Wisconsin residents, that Woodway's claims do not arise out of any specific sales of the allegedly infringing treadmills by Chapco to Wisconsin residents, and that exercising personal jurisdiction over Chapco would be unreasonable and unfair because litigating the claims in Wisconsin would place a heavy burden on the defendants. Id. at 8-11.

To support their motion to dismiss, the defendants submitted the declaration of Brian Weinstein, the president of Chapco and a member of Samsara. See Dkt. No. 12-2. Mr. Weinstein declares that Chapco is not and never has been registered to do business in Wisconsin; Chapco does not and never has had any employees in Wisconsin; Chapco does not have an agent for service of process in Wisconsin; Chapco does not design or manufacture goods in Wisconsin; Chapco does not and never has and never has owned or rented any property in Wisconsin; Chapco does not and never has had an office in Wisconsin; Chapco does not and never has had any bank accounts in Wisconsin; and Chapco does not direct any marketing, advertising, sales, or other business efforts toward the State of Wisconsin. Id. ¶¶6-13. According to Mr. Weinstein, Chapco's only business activities even remotely related to

9

Case 2:15-cv-00956-PP   Filed 06/14/16   Page 9 of 15   Document 23

Wisconsin include "shipping product unrelated to treadmills to Wisconsin for non-Wisconsin entities twice since 2011, and having one inactive customer in Wisconsin, who never purchased any treadmill-related products." Dkt. No. 12 at 1; Dkt. No. 12-2, ¶¶14-15. The defendants argue that these facts demonstrate that Chapco does not have the requisite ties to Wisconsin to make it amenable to personal jurisdiction here.

Apparently conceding that Chapco's contacts with Wisconsin – considered alone – are insufficient to establish personal jurisdiction over Chapco in this court, Woodway provides two alternative theories of jurisdiction. First, Woodway maintains that "Chapco and Samsara are effectively one company in ownership and interest, making Samsara's forum-related activities attributable to Chapco." Dkt. No. 12 at 8, 11-14. Second, Woodway maintains that Chapco placed the TrueForm Runner that it manufactures into the stream of commerce with an expectation and/or knowledge that the treadmill would be sold and used in Wisconsin. Id. at 8, 14-16. The court finds Woodway's theories unpersuasive.

"Even though a party would not normally be subject to personal jurisdiction in a particular forum, courts may exercise personal jurisdiction over an individual or corporation that is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." Sys. Div., Inc. v. Teknek Elecs., Ltd., 253 F. App'x 31, 35 (Fed. Cir. 2007). In determining whether to pierce the corporate veil as a basis for personal jurisdiction in patent cases, the Federal Circuit looks to the law of the state

10

where the defendant is incorporated. See Taurus IP, LLC v. DaimlerChrysler Corp., 726 F.3d 1306, 1336-38 (Fed. Cir. 2013); see also Hale Propeller, LLC v. Ryan Marine Prods Pty., Ltd., 98 F. Supp. 2d 260, 264 (D. Conn. 2000).

In Connecticut – the state of incorporation for both defendants here – '[t]he alter ego standard. . . requires a showing that there was such a unity of interest and ownership that the independence of the [entities] had in effect ceased or had never begun." Hale Propeller, 98 F. Supp. 2d at 264. In other words, courts will pierce the corporate veil only when one corporate entity "has been so controlled and dominated" by the other entity "that justice requires liability to be imposed on the real actor." Id., at 264-65 (listing factors courts should consider in the "fact-specific," veil-piercing analysis). As such, "courts should pierce the corporate veil only under exceptional circumstances. Id. at 264.

The facts here demonstrate that some relationship exists between Chapco and Samsara: Mr. Weinstein is a legal principal of both entities; Samsara claims to manufacture the TrueForm Runner; Chapco and Samsara use the same mailing address; and Chapco leases two employees to Samsara. Dkt. No. 20-2, ¶¶2, 10; Dkt. No. 17-12 at 3; Dkt. Nos. 17-1 to 17-3. Other factors suggest strongly, however, that Chapco and Samsara are distinct corporate entities: Chapco and Samsara each observe corporate formalities; each entity is adequately capitalized; Chapco and Samsara have separate bank accounts, websites, and telephone numbers; while Chapco and Samsara lease office space at the same location, the two entities do not share a common

11

footprint; Chapco does not direct the business of Samsara; Chapco leases two employees to Samsara on an arm's length basis; and Chapco and Samsara are treated as independent profit centers. Dkt. No. 20-2, ¶¶3-11.

The court concludes that the facts in this case do not add up to the level of control by Chapco over Samsara necessary to require the court to treat the two entities as one and the same for purposes of personal jurisdiction. Although Chapco and Samsara have overlapping principals and lease property at the same location, Woodway has not provided any facts establishing that Chapco directs the business of Samsara. To the contrary, Chapco and Samsara were established, and appear to operate, as separate entities – Chapco engaged in product engineering and development and contract manufacturing, and Samsara sold treadmills. Because the court does not have sufficient evidence to conclude that Chapco is an alter ego of Samsara, the court declines to impute Samsara's forum-related contacts to Chapco.

With respect to Woodway's second theory of personal jurisdiction, the Supreme Court has held that '[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." World-Wide Volkswagen, 444 U.S. at 297-98. Neither the Supreme Court nor the Federal Circuit, however, "has decided whether stream-of-commerce jurisdiction requires merely placing goods into the stream of commerce with the expectation that they would be purchased in the forum state, or if

12

'something more' is required, i.e., the purposeful direction of activities toward the forum." See Celgard, LLC v. SK Innovation Co., 792 F.3d 1373, 1380-82 (Fed. Cir. 2015).

Woodway's stream-of-commerce theory is unavailing under either formulation of the test. Woodway does not point to any conduct by Chapco demonstrating an intent to serve the market for manual treadmills in Wisconsin. Aside from Mr. Weinstein's involvement in both Chapco and Samsara, Woodway does not point to any conduct by Chapco demonstrating an awareness that the TrueForm Runner is being marketed in Wisconsin. Taking the facts in the light most favorable to Woodway, the record shows only that Chapco manufactures the TrueForm Runner in Connecticut, and that Samsara offers for sale and sells the TrueForm Runner throughout the country, including in Wisconsin. Such conduct is insufficient to establish that Chapco purposefully directed its activities at Wisconsin residents. See McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2790-92 (2011).

In its brief and at oral argument, Woodway requested an opportunity to conduct limited discovery in an attempt to find facts to support its jurisdictional theories. The court declines this request. A plaintiff is entitled to jurisdictional discovery only if its "factual allegations suggest the possible existence of requisite contacts between the defendant and the forum state with 'reasonable particularity.'" Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1323 (Fed. Cir. 2005)(citation omitted). Woodway has not met this burden. Woodway has not alleged that Chapco alone

13

has sufficient contacts with Wisconsin, and Woodway's allegations regarding its alter ego and stream-of-commerce theories do not rise to the requisite degree of particularity. The court will not permit Woodway to conduct a fishing expedition in an attempt to unearth hypothetical facts to support its personal jurisdiction theories.

In sum, Woodway has not made out a *prima facie* case of personal jurisdiction over defendant Chapco, Inc. Woodway has not sufficiently demonstrated that Chapco has purposefully directed its activities at Wisconsin residents, nor has it shown that its claim arises out of or relates to Chapco's activities with Wisconsin. The court also declines to adopt Woodway's suggestion at oral argument that the court allow the case to continue against Samsara only, given that the same issues being litigated here are being litigated in the District of Connecticut contemporaneously and with the participation of all three parties. Because this court does not have personal jurisdiction over "all necessary or desirable parties," Woodway is not entitled to the benefits of the first-to-file rule in the Eastern District of Wisconsin. See Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993).

Because the court grants the defendants' motion to dismiss for lack of personal jurisdiction, it is not necessary for the court to address the defendants' other arguments. See HollyAnne Corp. v. TFT, Inc.,199 F.3d 1304, 1307 (Fed. Cir. 1999)(finding that transferring a case under either §1404(a) or §1406(a) is improper if the court has determined that it lacks personal jurisdiction).

14

Case 2:15-cv-00956-PP   Filed 06/14/16   Page 14 of 15   Document 23

## V. CONCLUSION

Because the court finds that it does not have personal jurisdiction over defendant Chapco, Inc., and because there is a parallel lawsuit being litigated by the same parties and involving the same issues pending in the District of Connecticut (a jurisdiction in which it appears that the defendants do have contacts), the court **GRANTS** the defendants' motion to dismiss (Dkt. No. 11), and **DISMISSES** this complaint for lack of personal jurisdiction.

Dated in Milwaukee, Wisconsin this 14th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge